1   NIALL P. McCARTHY (SBN 160175)
    nmccarthy@cpmlegal.com
2   JUSTIN T. BERGER (SBN 250346)
    jberger@cpmlegal.com
3   MALLORY A. BARR (SBN 317231)
    mbarr@cpmlegal.com
4   **COTCHETT, PITRE & McCARTHY, LLP**
    San Francisco Airport Office Center
5   840 Malcolm Road
    Burlingame, CA 94010
6   Telephone: (650) 697-6000
    Facsimile: (650) 697-0577
7
    *Attorneys for Quentin L. Kopp*
8

9                    **IN THE UNITED STATES DISTRICT COURT**

10               **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12   QUENTIN L. KOPP,                          CASE NO. 3:18-cv-04913-JCS

13              Plaintiff,                      **PLAINTIFF QUENTIN L. KOPP'S NOTICE
                                                OF MOTION AND MOTION FOR
14         v.                                   ATTORNEYS' FEES; MEMORANDUM OF
                                                POINTS AND AUTHORITIES IN
15   THE UNITED STATES SECRET SERVICE,          SUPPORT THEREOF**

16              Defendant.
                                                Date:   May 3, 2019
17                                              Time:   9:30 a.m.
                                                Ctrm:   G, 15th Floor
18                                              Judge:  Chief Magistrate Judge Joseph C. Spero

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF**

## TABLE OF CONTENTS

Page No.

NOTICE OF MOTION AND MOTION ...................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................................2

I.    INTRODUCTION ..........................................................................................2

II.   FACTUAL BACKGROUND ........................................................................3

    A.   Donald Trump Jr.'s U.S. Secret Service security detail for private business-related travels abroad was well documented by the news media. ......................3

    B.   Mr. Kopp's FOIA request was for records regarding potential conflicts of interest regarding taxpayer funded costs for Donald Trump Jr.'s India Trip. ......4

    C.   Defendant U.S. Secret Service repeatedly failed to comply with its obligations under the Freedom of Information Act. ...............................................5

    D.   Only after Mr. Kopp filed the instant litigation did Defendant produce records. 6

    E.   FOIA's Attorney Fees provision is meant to facilitate access to information and compensate a requestor for an agency's unreasonable delay in complying. ........7

    F.   Counsel met and conferred in compliance with Local Rule 54-5(B)(1) .............8

III.  ARGUMENT.................................................................................................9

    A.   Mr. Kopp is eligible for an award of attorneys' fees and costs because he substantially prevailed in the litigation.................................................................9

        1.   Mr. Kopp's Complaint was necessary to obtain the information he requested. .............................................................................10

        2.   Mr. Kopp's Complaint was a substantial causative effect of Defendant's production of information. ................................11

    B.   Mr. Kopp is entitled to an award of attorneys' fees and costs...........................12

        1.   Mr. Kopp sought the information for a public benefit...........................13

        2.   Mr. Kopp received no commercial benefit and his interest in the information sought was for a public interest. ..........................................13

        3.   The Defendant does not have a reasonable basis at law for failing to comply with its FOIA obligations. ........................................................14

    C.   Mr. Kopp's request for attorneys' fees and costs is reasonable. .......................15

        1.   The number of hours claimed by Mr. Kopp is reasonable. ...................16

        2.   CPM's billing rates are consistent with the prevailing rates in the community. ....................................................................................16

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

i

3.    Mr. Kopp's costs are reasonable............................................................18

IV.    CONCLUSION...........................................................................................................19

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**                    ii

1

# TABLE OF AUTHORITIES

Page No(s).

2  **Cases**

3  *Blue v. Bureau of Prisons*
     570 F.2d 529 (5th Cir. 1978) ................................................................................. 13

4

   *Blum v. Stenson*
5    465 U.S. 886, 897 (1984) ...................................................................................... 16

6  *Camacho v. Bridgeport Fin., Inc.*
     523 F.3d 973 (9th Cir. 2008) ................................................................................ 16

7

   *Carlson v. United States Postal Service*
8    Slip Copy, 2017 WL 3581136 (N.D. Cal. Aug. 18, 2017) ...................................... 7

9  *Chalmers v. City of Los Angeles*
     796 F.2d 1205 (9th Cir. 1986),
10    *amended in part and rehearing denied*, 808 F.2d 1373 (9th Cir. 1987)..................... 18, 19

11  *Church of Scientology of Cal. v. U.S. Postal Serv.*
      700 F.2d 486 (9th Cir. 1983) ...........................................................................passim

12

    *Cotton v. Heyman*
13    63 F.3d 1115 (D.C. Cir. 1995) ............................................................................. 13

14  *Davis v. City & County of San Francisco*
      976 F.2d 1536 (9th Cir. 1992),
15    *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993) ........................... 15

16  *Davy v. C.I.A.*
      550 F.3d 1155 (D.C. Cir. 2006)............................................................................. 14

17

18  *Exner v. F.B.I.*
      443 F. Supp. 1349 (S.D. Cal. 1978),
19    *aff'd* 612 F.2d 1202 (9th Cir. 1980)........................................................................ 8

20  *First Amendment Coalition v. United States Dept. of Justice*
      878 F.3d 1119 (9th Cir. 2017) .....................................................................8, 9, 11, 14

21  *Fowler v. Wells Fargo Bank, N.A.*
      No. 17-CV-02092-HSG, 2019 WL 330910 (N.D. Cal. Jan. 25, 2019) .................... 17

22

23  *Fund for Constitutional Gov't v. National Archives & Records Services*
      656 F.2d 856 (D.C. Cir. 1981) .............................................................................. 11

24  *Ginter v. I.R.S*
      648 F.2d 469 (8th Cir. 1981) ................................................................................ 10

25

26  *Hajro v. U.S. Citizenship & Immigration Services*
      900 F.Supp.2d 1034 (N.D. Cal. 2012),
      *vacated and remanded on other grounds*, 811 F.3d 1086 (9th Cir. 2016) ................ 17

27

28  *Hefler v. Wells Fargo & Co.*
      2018 WL 661983 (N.D. Cal. Dec. 18, 2018)......................................................... 17

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**                                                                                                   iii

*Hemenway v. Hughes*
601 F. Supp. 1002 (D.C. Cir. 1985)................................................................15

*In re Volkswagen "Clean Diesel" Mktg. Sales Practices & Prods. Liab. Litig.*
No. 2672 CRB (JSC), 2017 WL 1047834 (N.D. Cal. Mar. 17, 2017) ...........17

*Judicial Watch, Inc. v. United States Dep't of Homeland Security*
895 F.3d 770 (D.C. Cir. 2018)........................................................................7

*Kuzma v. I.R.S.*
821 F.2d 930 (2d Cir. 1987) ..........................................................................19

*Lahr v. Nat'l Transp. Safety Bd.*
569 F.3d 964 (9th Cir. 2009) ..........................................................................7

*LaSalle Extension Univ. v. Federal Trade Comm'n*
627 F.2d 481 (D.C. Cir. 1980) ........................................................................8

*Long v. U.S. I.R.S.*
932 F.2d 1309 (9th Cir. 1991) ...............................................................passim

*Moore v. James H. Matthews & Co.*
682 F.2d 830 (9th Cir. 1982) .........................................................................16

*Nationwide Building Maintenance, Inc. v. Sampson*
559 F.2d 704 (D.C. Cir. 1977) ........................................................................8

*O'Neil, Lysaght & Sun v. Drug Enforcement Administration*
951 F. Supp. 1413 (C.D. Cal. 1996) ..............................................................13

*Rosenfeld v. U.S. Dept. of Justice*
904 F.Supp.2d 988 (N.D. Cal. 2012)......................................................passim

*The Sierra Club v. United States Environmental Protection Agency*
75 F.Supp.3d, 1125 (N.D. Cal. 2014)......................................................13, 16

*Thornberry v. Delta Airlines, Inc.*
676 F.2d 1240 (9th Cir. 1982),
*vacated on other grounds*, 461 U.S. 952 (1983).........................................19

*United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus., Local 598 v. Dept. of Army Corps of Engineers*
841 F.2d 1459 (9th Cir. 1988) .......................................................................14

*United Steelworkers of America v. Phelps Dodge Corp.*
896 F.2d 403 (9th Cir. 1990),
*opinion amended,* 808 F.2d 1373 (9th Cir. 1987)........................................18

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

iv

**Statutes**

5 U.S.C. § 552................................................................................................................2

5 U.S.C. § 552(a)(3)(A)..................................................................................................7

5 U.S.C. § 552(a)(4)(E)...................................................................................8, 9, 15, 18

5 U.S.C. § 552(a)(4)(E)(ii)..............................................................................................9

5 U.S.C. § 552(a)(6)(A)..............................................................................................7, 15

5 U.S.C. § 552(a)(6)(B).................................................................................................15

5 U.S.C. § 552(a)(6)(B)(i)...............................................................................................7

5 U.S.C. § 552(a)(6)(B)(ii).............................................................................................8

5 U.S.C. § 552(b)............................................................................................................7

18 U.S. § 3056(a)(2)........................................................................................................4

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1

## NOTICE OF MOTION AND MOTION

2   TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3       PLEASE TAKE NOTICE that on May 3, 2019, at 9:30 a.m., or as soon thereafter as may be

4   heard, before the Chief Magistrate Judge Joseph C. Spero, located at 450 Golden Gate Avenue,

5   Courtroom G, San Francisco, California, Plaintiff Quentin L. Kopp, will and hereby does move for an

6   order awarding attorneys' fee.

7       Plaintiff's motion is based on this notice of motion, the memorandum of points and authorities

8   in support of the motion, the Declaration of Mallory A. Barr, and the Declaration of Quentin L. Kopp

9   filed herewith.

10

11   Dated: March 22, 2019         **COTCHETT, PITRE & McCARTHY, LLP**

12

13                     By:   */s/ Mallory A. Barr*
                           MALLORY A. BARR

14                     *Attorneys for Plaintiff Quentin L. Kopp*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**     1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiff Quentin L. Kopp is a concerned tax-payer who was interested in the amount of tax-payer dollars being spent to protect President Trump's adult children as they promote the Trump-family's businesses oversees.  To that end, on February 27, 2018, Mr. Kopp exercised his right under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *as amended,* to request information about such expenses from Defendant United States Secret Service.

Under FOIA, government agencies generally have twenty business days to respond to a request for information.  Congress enacted the statute to facilitate public access to government documents and ensure an informed citizenry, vital to the functioning of a democratic society.  Congress also included a fee-shifting provision should a requestor need to resort to the court to vindicate the public's statutory right to information.

However, the Secret Service failed to comply with its obligations under FOIA twice.  First, the Secret Service in failing to timely respond to Mr. Kopp's initial February 27th letter, responding instead **24 business days** after it was received and requesting Mr. Kopp supplement his already narrowly tailored request with more specificity.  The second time, after Mr. Kopp provided additional detail on May 29th, the Secret Service **failed to respond at all** to Mr. Kopp.

Mr. Kopp waited **over 50 business days** for a response to his May 29th supplemental detail, as requested by the Secret Service.  No response came.  Mr. Kopp was forced then to file a Complaint under FOIA to compel the Secret Service to respond to his request.  It took another month after Mr. Kopp filed his Complaint for the Secret Service to produce records responsive to his February 27th request.

Throughout this process, Mr. Kopp was required to enlist the assistance of counsel to ensure his and the public's rights to access information were protected.  Mr. Kopp brings this motion under FOIA for an award of reasonable attorneys' fees and costs of **$41,884.95**.  Fees are appropriate in this case because the litigation resulted in the release of records regarding a matter of continued public interest and importance and should have been promptly produced.  Moreover, the fees sought by Mr.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**                                                2

1   Kopp are reasonable and appropriate.  This Court should thus award Mr. Kopp his attorneys' fees and

2   costs as requested in full.

3   **II.      FACTUAL BACKGROUND**

4           **A.      Donald Trump Jr.'s U.S. Secret Service security detail for private business-related**

5                   **travels abroad was well documented by the news media.**

6           On February 20, 2018, the President's son, Donald Trump Jr.  ("Trump Jr.") arrived in India

7   for a week-long visit on behalf of the Trump Organization.  Throughout his trip to India, Donald

8   Trump Jr. was accompanied by agents of the United States Secret Service, who provided for his

9   security.  Compl. ¶ 13 (citing Abi-Habib, Maria and Eric Lipton, "Selling, Not Diplomacy Draws a

10  Trump to India," The New York Times, Vol. CLXVII, No. 57,877, 18 February 2018 at A1, A12).

11          Trump Jr. spent his time in India promoting Trump-branded luxury apartments across the

12  country, while meeting with real estate brokers and potential buyers.  *Id*.  Donald Trump Jr. also

13  committed to have dinner with homebuyers willing to pay a roughly $38,000 booking fee.  Compl. ¶

14  14, Ex. D (citing Gowen, Annie, "Donald Trump Jr. says he admires India's poor people because of

15  their spirit," The Washington Post, 21 February 2018).

16          Trump Jr. initially planned to deliver a 15-minute speech called "Reshaping Indo-Pacific ties:

17  the new era of cooperation" while in India.  Hours before this speech was scheduled to take place, the

18  title was changed to a "fireside chat," and Trump Jr. was instead interviewed by journalist Supriya

19  Shrinate about his experience as the son of the President of the United States and his views on India's

20  business culture.  Compl. ¶ 15, Ex. E (citing Safi, Michael, "Donald Trump Jr cancels US foreign

21  policy speech in India," The Guardian, 23 February 2018).

22          Leading up to the planned speech, ethics experts questioned why Trump Jr. was to discuss US

23  foreign policy on what was supposedly a business trip by a private citizen.  Compl. ¶ 16, Ex. F (citing

24  Abi-Habib, Maria, Kai Schultz and Suhasini Raj, "As Donald Trump Jr. Drums Up Business in India,

25  Some Ask What's Being Sold," The New York Times, 22 February 2018).

26          According to The Washington Post, Indian newspapers ran advertisements that promised

27  homebuyers who were willing to pay a $38,000 booking fee to "join Mr. Donald Trump Jr. for a

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF**                                                                                    3

1   conversation and dinner."   Compl. ¶ 17, <u>Ex. G</u> (citing Gowen, Annie, "Trump Jr. to give foreign

2   policy speech while on 'unofficial' business trip to India," 19 February 2018).

3        Trump Jr.'s visit received widespread criticism for opening the door to possible corruption.

4   Jordan Libowitz, the communications director for Citizens for Responsibility and Ethics in

5   Washington, told <u>The Washington Post</u>, "Trump's company is literally selling access to the president's

6   son overseas. For many people wanting to affect American policy in the region, the cost of a condo is a

7   small price to pay to lobby one of the people closest to the president, far away from watchful eyes."

8   Compl. ¶ 18 (citing Gowen, Annie, *supra*, "Trump Jr. to give foreign policy speech while on

9   'unofficial' business trip to India," 19 February 2018).

10        President Donald J. Trump remains the principal owner of his namesake business, The Trump

11   Organization, which oversees approximately 500 business entities. When he was elected President,

12   President Trump relinquished his role as chairman and president of the Trump Organization, but his

13   two adult sons, Donald Trump Jr. and Eric, stayed as executives.   Compl. ¶ 19 (citing Fabian, Jordan,

14   "Trump to hand over business to sons," <u>The Hill</u>, 11 January 2017; The Trump Organization, "The

15   Next Generation – Donald Trump Jr.," https://www.trump.com/the-next-generation/donald-trump-jr/

16   (2018); The Trump Organization, "The Next Generation – Eric Trump," https://www.trump.com/the-

17   next-generation/eric-trump/ (2018).  President Trump has maintained his ownership of the

18   organization).

19     **B.**    **Mr. Kopp's FOIA request was for records regarding potential conflicts of interest**

20             **regarding taxpayer funded costs for Donald Trump Jr.'s India Trip.**

21        As a concerned tax-payer, Mr. Kopp had reason to believe Trump Jr.'s visit was entangled in

22   conflicts of interest. *See,* Compl. ¶ 14.  Experts say Trump Jr.'s visit demonstrates the danger of

23   President Trump's failure to divest from his business.  Compl. ¶ 20 (citing Abi-Habib, Maria and Eric

24   Lipton, supra, "Selling, Not Diplomacy Draws a Trump to India," <u>The New York Times</u>).

25        Although the Secret Service is authorized to protect immediate family members of the

26   President, 18 U.S. Code §3056(a)(2), adult children of the President may decline Secret Service

27   protection, as former President Ronald Reagan's adult son, Ron Reagan, did.  Compl. ¶ 21 (citing

28

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF**       4

1    Werner, Anna, Pat Milton and Laura Strickler, "The cost to taxpayers of protecting Trump's kids on

2    overseas business trips," CBS Evening News, 27 February 2017).

3         Donald Trump, Jr.'s use of tax-payer funded Secret Service for his personal security during

4    private business trips abroad gives the appearance of an intertwining of the presidency of the United

5    States and the Trump Organization.  Compl. ¶ 22.

6         Critics frequently complain of the high cost of Secret Service agents accompanying the Trump

7    children on private business trips, and thus straining the government agency's budget and increasing

8    taxpayers' costs, including Mr. Kopp's.  Compl. ¶ 23, Ex. H (citing Gowen, Annie, "Trump project in

9    India saw $15 million in sales after buyers were offered dinner with Donald Trump Jr.," The

10   Washington Post, 22 February 2018).   For example, Secret Service protection for Eric Trump and

11   Donald Trump Jr. to open the Trump International Golf Course in Dubai in February 2017 cost over

12   $200,000.  Compl. ¶ 23, Ex. I (Cummings, William, "Watchdog: Secret Service for Eric, Donald

13   Trump Jr. trips cost $230,000 in 1 month," USA Today, 18 July 2018).

14        **C.      Defendant U.S. Secret Service repeatedly failed to comply with its obligations**

15                  **under the Freedom of Information Act.**

16        On February 27, 2018, Mr. Kopp submitted a request to the United States Secret Service under

17   FOIA for public records concerning the costs incurred by the Secret Service when it accompanied

18   Donald Trump Jr. on a business trip to and from India in February 2018.  *See,* Declaration of Quentin

19   L. Kopp in Support of Plaintiff's Motion for Attorney's Fees ("Kopp Decl.") ¶ 2, Ex. 1.

20        Mr. Kopp's FOIA request to the U.S. Secret Service specifically requested public records

21   which showed: (1) the number of Secret Service personnel accompanying Donald Trump, Jr. on his

22   February 2018 India trip and their job descriptions; (2) the cost of the transportation, meals, lodging,

23   salaries, and all other emoluments for all Secret Service personnel on such trip; and (3) any rules of the

24   Secret Service relating to justification, responsibility, and duties of Secret Service detail members on

25   such trip, plus the dates of departure and return, of all such persons.  *See* Kopp Decl. ¶ 2, Ex. 1.

26        On May 15, 2018, **24 days** after receiving his letter, the Secret Service responded to Mr. Kopp

27   stating, "We have determined that your request is too broad in scope, or that your request did not

28   specifically identify the records which you are seeking."  Kopp Decl. ¶ 4, Ex. 2.  The Secret Service's

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF**                                                                    5

1   letter further stated, "As you have failed to reasonably describe the records you are seeking, your

2   request is not a 'perfected request,' and we are unable to initiate a search for responsive records."  *Id.*

3   Mr. Kopp was invited to "resubmit" his request with additional details within 30 days or his file would

4   be administratively closed.  *Id.*

5          On May 29, 2018, Mr. Kopp responded to the Secret Service's letter, disagreeing that his

6   request was too broad.  Kopp Decl. ¶ 5, <u>Ex. 3</u>.  He pointed out a FOIA request need only describe the

7   records sought in sufficient detail to enable Secret Service Staff to identify them with a reasonable

8   amount of effort, and that there was no requirement that a FOIA request identify the specific records at

9   issue.  *Id.*  Indeed, such a requirement would be impossible to satisfy in most instances, as there is no

10  way for a requester to know exactly the nature of existing responsive records.

11         Although Mr. Kopp's February 27, 2018 request was adequate, his May 29, 2018

12  correspondence provided further detail of the records sought for each request and provided examples

13  of potentially responsive documents that might be in the Secret Service's possession.  *See,* Kopp Decl.

14  ¶ 5, <u>Ex. 3</u>.  Mr. Kopp requested the Secret Service respond to his May 29, 2018 letter within 30 days

15  and requested any response clearly indicate whether his request was being denied.  Kopp Decl. ¶ 5, <u>Ex.</u>

16  <u>3</u>.

17         On August 14, 2018, **<u>over 50 business days</u>** after his May 29th letter, Mr. Kopp had not

18  received any response from the Secret Service to his FOIA requests and initiated the instant litigation

19  to compel the production of public records.  *See,* Compl. ¶¶ 1, 11; *see also*, Kopp Decl. ¶¶ 7-8.  Mr.

20  Kopp had a statutory right to the records requested and there was no legal basis for Defendant's refusal

21  to disclose them.

22         **D.     Only after Mr. Kopp filed the instant litigation did Defendant produce records.**

23         On September 21, 2018, Defendant made an initial production of 91 pages of records in

24  response to Mr. Kopp's FOIA request.  *See,* Declaration of Mallory A. Barr in Support of Plaintiff's

25  Motion for Attorney's Fees ("Barr Decl.") ¶ 8.

26         Just three days later, on September 24, 2018, Defendant Answered Mr. Kopp's Complaint.

27  ECF 9.  Defendant's only affirmative defense was that "some or all of the requested documents and

28

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF**                                                                    6

1   information are exempt from disclosure" under 5 U.S.C. § 552(b). ECF 9 at p. 4.  Defendant provided

2   no reasonable basis for its prior failures to comply with its obligations under FOIA.

3          In Defendant's Answer, it claimed "the Secret Service made a final production of responsive,

4   non-exempt documents" on September 21, 2018.  ECF 9 at ¶ 11.  However, on October 24, 2018,

5   Defendant made a supplemental production of 5 pages of records.  *See,* Barr Decl. ¶ 9.  In total,

6   Defendant produced 96 pages of records responsive to Mr. Kopp's FOIA request after he was forced to

7   file a complaint compelling production of documents.

8          Following Defendant's productions of documents, counsel for Mr. Kopp initiated efforts to

9   resolve the instant fee dispute.  *See,* Barr Decl. ¶ 10.  The protracted settlement discussions were

10  unsuccessful. *Id*.

11         **E.     FOIA's Attorney Fees provision is meant to facilitate access to information and**

12                 **compensate a requestor for an agency's unreasonable delay in complying.**

13         FOIA "was enacted to facilitate public access to Government documents," *Lahr v. Nat'l*

14  *Transp. Safety Bd.*, 569 F.3d 964, 973 (9th Cir. 2009), and "to ensure an informed citizenry, vital to

15  the functioning of a democratic society, needed to check against corruption and to hold the governors

16  accountable to the governed." *Judicial Watch, Inc. v. United States Dep't of Homeland Security*, 895

17  F.3d 770, 780 (D.C. Cir. 2018); *see also*, *Carlson v. United States Postal Service*, Slip Copy, 2017 WL

18  3581136, at *9 (N.D. Cal. Aug. 18, 2017) (quoting the same).

19         Under FOIA, "each agency, upon request for records which (i) reasonably describes such

20  records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and

21  procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. §

22  552(a)(3)(A).  To ensure the statute did not become a "dead-letter" statute, Congress required agencies

23  to respond to requests within twenty business days.  *See, Judicial Watch*, 895 F.3d at 774 (citing 5

24  U.S.C. § 552(a)(6)(A)).  "In 'unusual circumstances,' the agency may extend the determination

25  deadline by ten business days (two weeks) upon explaining the circumstances to the requester." *Id*.

26  (quoting 5 U.S.C. § 552(a)(6)(B)(i)).  "If additional time is required to address the request, the agency

27  'shall notify the [requester] ... and shall provide the person an opportunity to limit the scope of the

28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF**                                                                    7

1   request ... or an opportunity to arrange with the agency an alternative time frame for processing the

2   request or a modified request.'"  *Id.* (quoting 5 U.S.C. § 552(a)(6)(B)(ii)).

3       Under FOIA, a "court may assess against the United State reasonable attorney feed and other

4   litigation costs reasonably incurred in any case under this section in which the complainant has

5   substantially prevailed." 5 U.S.C. § 552(a)(4)(E).  FOIA's attorney fee provision was added out of

6   concern that potential information requestors would be unable to secure adequate legal representation

7   because there would be no financial incentive for an attorney to take on a FOIA case on a contingency

8   basis.  *See*, S. Rep No. 93-854, May 16, 1974, 93rd Cong., 2d Sess.  Because FOIA's basic policy is

9   "to encourage the maximum feasible access to government information. . . . The attorney fees

10  provision of the statute has as its fundamental purpose the facilitation of citizen access to the courts to

11  vindicate the public's statutory rights."  *Exner*, 443 F. Supp. at 1351 (S.D. Cal. 1978), *aff'd* 612 F.2d

12  1202 (9th Cir. 1980) (quoting *Nationwide Building Maintenance, Inc. v. Sampson*, 559 F.2d 704, 715

13  (D.C. Cir. 1977)); *see also First Amendment Coalition v. United States Dept. of Justice*, 878 F.3d

14  1119, 1126 (9th Cir. 2017) (quoting *Exner v. F.B.I.*, 443 F. Supp. 1349, 1351 (S.D. Cal. 1978)).

15  "Congress realized that an allowance of fees and costs was necessary in FOIA actions to encourage

16  full public disclosure of government information.  Congress has made a clear determination that an

17  award of attorney fees is appropriate and desirable whenever a complainant prevails in FOIA

18  litigation."  *Exner,* 443 F. Supp. at 1352.

19      Thus, FOIA's fee-shifting provision serves two purposes: (1) "to encourage [FOIA] suits that

20  benefit the public interest" and (2) to serve "as compensation for enduring an agency's unreasonable

21  obduracy in refusing to comply with the [FOIA's] requirements."  *LaSalle Extension Univ. v. Federal*

22  *Trade Comm'n*, 627 F.2d 481, 484 (D.C. Cir. 1980).  "[T]he award of FOIA counsel fees 'has as its

23  fundamental purpose the facilitation of citizen access to the courts,' and should not be subject to 'a

24  grudging application.'"  *First Amendment Coalition,* 878 F.3d at 1130 (quoting *Exner.*, 443 F. Supp. at

25  1351-52).

26  **F.    Counsel met and conferred in compliance with Local Rule 54-5(B)(1)**

27      Counsel for both parties have met and conferred for the purpose of attempting to resolve any

28  disputes regarding this Motion.  *See* Barr Decl. ¶¶ 10-11.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF**                                                                 8

## III.   ARGUMENT

Under FOIA's fee-shifting provision, a "'court may assess against the United State reasonable attorney feed and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.'" *Rosenfeld v. U.S. Dept. of Justice*, 904 F.Supp.2d 988, 993 (N.D. Cal. 2012) (quoting 5 U.S.C. § 552(a)(4)(E)).  "Substantially prevailed" includes "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."  *Id*. at 993-94 (N.D. Cal. 2012) (quoting 5 U.S.C. § 552(a)(4)(E)(ii)).

Fee and cost awards are awarded to a plaintiff who is both eligible and entitled to such an award.  *See*, *Rosenfeld*, 904 F.Supp.2d at 994; *see also, Church of Scientology of Cal. v. U.S. Postal Serv.*, 700 F.2d 486, 489 (9th Cir. 1983), *abrogated in part by First Amendment Coalition v. United States Dept. of Justice*, 878 F.3d 1119 (9th Cir. 2017); *see also, Long v. U.S. I.R.S.*, 932 F.2d 1309, 1313 (9th Cir. 1991).  After the court determines a plaintiff is both eligible and entitled to an award of its fees and costs, the plaintiff must submit its fee and cost bill to the court for determination of its reasonableness.  *See*, *Rosenfeld*, 904 F.Supp.2d at 994.

Mr. Kopp satisfies all of these elements and should be granted his requested attorneys' fees and costs of **$41,884.95**.

### A.   Mr. Kopp is eligible for an award of attorneys' fees and costs because he substantially prevailed in the litigation.

Under FOIA's fee-shifting provision, a "'court may assess against the United State reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.'" *Rosenfeld*, 904 F.Supp.2d at 993 (quoting 5 U.S.C. § 552(a)(4)(E)).  "Substantially prevailed" includes "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.* (quoting 5 U.S.C. § 552(a)(4)(E)(ii).  A "voluntary or unilateral change in position" exists where "(1) the filing of the action could reasonably have been regarded as *necessary* to obtain the information [and] (2) the filing of the action had a *substantial causative effect* on the delivery of the information."  *See, Church of Scientology of Cal.*, 700 F.2d at 489, *abrogated in part by First Amendment Coalition*, 878 F.3d at 1130 (9th Cir. 2012017)

PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   (explaining the factors articulated in *Church of Scientology* were relevant to determining when a

2   requestor has "substantially prevailed") (emphasis in original).

3          1.      Mr. Kopp's Complaint was necessary to obtain the information he requested.

4          In *Ginter v. I.R.S.*, the court concluded plaintiff's suit was not reasonably necessary because at

5   the time of filing suit, the IRS had been unable to locate the requested information and was in the

6   process of conducting a special search.  648 F.2d 469, 471-3 (8th Cir. 1981).

7          Unlike *Ginter*, Mr. Kopp's complaint was necessary to force Defendant to comply with its

8   FOIA obligations.  Mr. Kopp sent his initial request for documents to Defendant under FOIA on

9   February 27, 2018.  Kopp Decl. ¶ 4, Ex. 2.  Not until May 15, 2018, well over 20 business days later,

10  did Defendant even respond to Mr. Kopp's request.  Kopp Decl. ¶ 4, Ex. 2.  Defendant's initial

11  response did not conform to the FOIA requirements: it was neither a final determination, a production,

12  nor an explanation of "unusual circumstances" that would warrant additional time for a production of

13  requested information.  *See*, Kopp Decl. ¶ 4, Ex. 2.  There was no indication that Defendant was

14  undertaking any efforts to attempt to locate the records, that the records requested were too

15  voluminous, or that the information requested was exempt from disclosure.  *See*, Kopp Decl. ¶ 4, Ex.

16  2.  Rather, it sought additional clarification of Mr. Kopp's request, claiming without support that Mr.

17  Kopp's request for records detailing a 1-week trip were "too broad in scope."  *See*, Kopp Decl. ¶ 4, Ex.

18  2.  Simply put, Defendant created an artificial barrier to producing the records, limiting both Mr.

19  Kopp's and public's access to information.

20         In response to Defendant's request for additional information, Mr. Kopp provided further detail

21  to the agency on May 29, 2018.  *See*, Kopp Decl. ¶ 5, Ex. 3.  Mr. Kopp's supplemental infomration

22  was not returned to him as undeliverable mail.  *See*, Kopp Decl. ¶ 6.  Just as before, Defendant did not

23  respond to Mr. Kopp's request within 20 business days, as required by FOIA.  *See*, Kopp Decl. ¶ 8.

24  By August 14, 2018, over 50 business days from sending the supplemental request Defendant

25  demanded, Defendant still had not responded to Mr. Kopp's request.  *See*, Kopp Decl. ¶ 8.

26  Defendant's arbitrary obstacle to producing records effectively turned Mr. Kopp's request in to a

27  "dead-letter."

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF**                                                                                10

1   Notably, Defendant's initial response stated "this is not a denial of your request" but required

2   Mr. Kopp to supplement his requests within 30 days or his file would be closed.  *See*, Kopp Decl. ¶ 4,

3   Ex. 2.   If Defendant did not receive Mr. Kopp's supplemental requests within the time required,

4   Defendant should have sent Mr. Kopp a formal administrative closure letter or denied his request and

5   stated the supporting statutory bases.  *See,* Kopp Decl. ¶ 4, Ex. 2.  Defendant took no such action.  *See,*

6   Kopp Decl. ¶¶ 7-8.  Instead, Defendant's initial non-compliance with the FOIA requirements created a

7   request-limbo for Mr. Kopp's request to languish in indefinitely, necessitating Mr. Kopp's filing of his

8   FOIA complaint to compel a response.  His supplemented request had become a "dead-letter," the

9   exact situation Congress intended to avoid by imposing time limits on an agency for responding to a

10  request.

11  Thus, Mr. Kopp's FOIA complaint was necessary to obtain the information he requested.

12  2.   Mr. Kopp's Complaint was a substantial causative effect of Defendant's

13  production of information.

14  Where a "sufficient causal nexus exists between [Plaintiff's] litigation and the release of the

15  documents," that is enough to "warrant a determination that [Plaintiff] is eligible for attorney[s'] fees."

16  *Fund for Constitutional Gov't v. National Archives & Records Services*, 656 F.2d 856, 872 (D.C. Cir.

17  1981).  "[T]he mere fact that defendant[ ] *voluntarily* released documents [during the pendency of

18  litigation] does not preclude an award of attorney's fees to the plaintiff." *Church of Scientology of*

19  *Cal.*, 700 F.2d at 492 (emphasis in original).  Indeed, "'timing' can directly inform whether a 'causal

20  nexus exists between the litigation and [defendant's] surrender of [ ] documents.'" *Rosenfeld*, 904

21  F.Supp.2d at 994.

22  "Where sought-after FOIA documents are released during litigation, a court must examine (1)

23  when the documents were released; and (2) what actually triggered the documents' release" to assess

24  whether a plaintiff "substantially prevailed."  *Rosenfeld*, 904 F.Supp.2d at 996 (quoting *Church of*

25  *Scientology of Cal.*, 700 F.2d at 489).  The court must also examine "whether [the plaintiff] was

26  entitled to the documents at an earlier time." *First Amendment Coalition,* 878 F.3d at 1129.

27  Defendant did not produce documents to Mr. Kopp until September 21, 2018, over a month

28  after Mr. Kopp filed his Complaint.  *See,* Barr Decl. ¶ 8.   A supplemental batch of records was

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF

11

1    produced on October 24, 2018, despite Defendant stating in its Answer that production was complete

2    in September.  *See,* Barr Decl. ¶ 9.  But for Mr. Kopp filing his Complaint, his request would have

3    remained in limbo; Defendant made no effort to produce records or deny Mr. Kopp's request for

4    information as required by FOIA.  Defendant never indicated a search for responsive records was

5    underway or there were exemptions from production that were in issue prior to Mr. Kopp filing his

6    Complaint.  *See,* Kopp Decl. ¶ 8.  Defendant only produced documents after being served with Mr.

7    Kopp's Complaint.   Moreover, Defendant's productions were not exceptionally voluminous and

8    routinely redacted, indicating they could have and should have been produced in response to Mr.

9    Kopp's original FOIA request in February.  There was no need for the added burden inflicted on Mr.

10   Kopp to provide more detail to his initial request; the documents were sufficiently ascertainable when

11   originally requested and there was no undue burden on Defendant to produce the records.  Mr. Kopp's

12   Complaint thus had a substantial causative effect on Defendant producing records.

13          Therefore, Mr. Kopp's Complaint was necessary for and a substantial causative effect on the

14   production of documents in response to his FOIA request.  As such, Mr. Kopp has substantially

15   prevailed on his Complaint and is thus eligible for an award of attorneys' fees and costs.

16          **B.      Mr. Kopp is entitled to an award of attorneys' fees and costs.**

17          "The decision to award attorney's fees is left to the sound discretion of the trial court."  *Church*

18   *of Scientology of Cal.*, 700 F.2d at 492.  The court evaluates a number of equitable factors to determine

19   whether a Plaintiff is entitled to an award of his attorney's fees.  *Rosenfeld*, 904 F.Supp.2d at 994,

20   (citing *Long v. U.S. I.R.S.*, 932 F.2d 1309, 1313 (9th Cir. 1991)).  "[T]he court may take into

21   consideration whatever factors it deems relevant in determining whether an award of attorney's fees is

22   appropriate."  *Long*, 932 F.2d at 1313.  Such factors may include: (1) the public benefit resulting from

23   FOIA disclosures in the case, (2) the commercial benefit to the party resulting from the disclosures, (3)

24   the nature of the party's interest in the disclosed records, and (4) whether the government's rationale

25   for withholding the records had a reasonable basis in law.  *Rosenfeld*, 904 F.Supp.2d at 994 (citing

26   *Long*, 932 F.2d at 1313).

27   / / /

28   / / /

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF

12

1.   <u>Mr. Kopp sought the information for a public benefit.</u>

A FOIA action results in a public benefit if a Plaintiff's victory is "likely to add to the fund of information that citizens may use in making vital political choices."  *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995) (quoting *Blue v. Bureau of Prisons*, 570 F.2d 529, 534 (5th Cir. 1978)); *see also, Church of Scientology of Cal.*, 700 F.2d at 493 (also citing *Blue*).  A public benefit also exists in urging government compliance with statutory functions.  *See, O'Neil, Lysaght & Sun v. Drug Enforcement Administration*, 951 F. Supp. 1413, 1424 (C.D. Cal. 1996).

Mr. Kopp's request for information was for public benefit. News outlets and watchdog groups were interested in the tax-payer costs of the Secret Service providing security details for President Trump's adult children traveling abroad to promote the Trump business entities. *See*, *generally*, Compl. ¶¶ 13-23 and attached exhibits.  Mr. Kopp's request was for a specific trip which attracted scrutiny because India's prime minister attended a dinner where Donald Trump Jr. was scheduled to give a policy speech.  *See*, Compl. ¶ 15, <u>Ex. E</u>.  This apparent interwinding of personal business and political connections continue to dominate headlines and political discussion around the country.

When Defendant produced documents to Mr. Kopp, it was cross-checked with similar information obtained by <u>The Washington Post</u> journalist Annie Gowen.  *See*, Barr Decl. ¶ 7 and <u>Ex. 2</u>. Ms. Gowen previously reported on Trump Jr's India trip.  *See*, Barr Decl. ¶ 7 and <u>Ex. 2</u>; *see also,* Compl. ¶ 14, <u>Ex. D</u>.

Mr. Kopp's request thus added to the fund of information available to citizens in making vital political decisions.

2.   <u>Mr. Kopp received no commercial benefit and his interest in the information</u>
<u>sought was for a public interest.</u>

"The commercial benefit to the party resulting from disclosures and the nature of the plaintiff['s] interest are closely related and often considered together." *The Sierra Club v. United States Environmental Protection Agency*, 75 F.Supp.3d, 1125, 1142 (N.D. Cal. 2014) (quoting *Church of Scientology of Cal.*, 700 F.2d at 494).  "Both factors are intended to distinguish cases in which the claimant has a clear pecuniary interest in seeking disclosure, so that there is no need for an added incentive to bring a claim under the Act, from those where it is unlikely that a claim would have been

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**                    13

1    brought absent the high probability that fees and costs of suit would be awarded against the

2    intransigent agency." *United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus.,*

3    *Local 598 v. Dept. of Army Corps of Engineers*, 841 F.2d 1459, 1461 (9th Cir. 1988), *abrogated in*

4    *part by First Amendment Coalition v. United States Dept. of Justice*, 878 F.3d 1119 (9th Cir. 2017).

5    　　　If Plaintiff "realized no commercial benefit from [a disclosure of information], it does not

6    follow that this factor should be disregarded . . . On the contrary, it would weigh in favor of a fee

7    award, since the fee award section of the Act was intended to encourage complainants who lack

8    substantial pecuniary incentives to pursue their claims." *Local 598,* 841 F.2d at 1461-62 (emphasis

9    added, citations omitted). Congress envisioned Plaintiffs advocating in the public's interest and

10   encouraged this vision with the Act's attorney fee provision: "If the commercial benefit from

11   disclosure was remote or unlikely, the presumes that the fee award was a necessary encouragement."

12   *Id.* at 1462. Courts should also award fees if the Plaintiff's interest in the information sought was

13   public-oriented. *See*, *Long v. U.S. I.R.S.*, 932 F.2d 1309, 1316 (9th Cir. 1991).

14   　　　Mr. Kopp has no commercial or pecuniary interest in the information. *See*, Kopp Decl. ¶ 3. To

15   the contrary, as noted above, Mr. Kopp's request was of public interest, dealing with important and

16   novel political issues of the day that were well covered by the news media.

17   　　　Thus, it is presumed the fee award was a necessary encouragement for Mr. Kopp to engage

18   counsel and file his Complaint.

19   　　　　　　　3.　　The Defendant does not have a reasonable basis at law for failing to comply

20   　　　　　　　　　with its FOIA obligations.

21   　　　Defendant's denial of – or non-response – to a FOIA request must have a colorable basis in law

22   and not merely for the purpose of frustrating the requester. *See, Rosenfeld v. U.S. Dept. of Justice*, 904

23   F.Supp.2d 988, 999 (N.D. Cal. 2012). The government bears the burden of demonstrating its conduct

24   was reasonable. *See*, *Davy v. C.I.A.*, 550 F.3d 1155, 1162-63 (D.C. Cir. 2006). A fee award is

25   appropriate if the government's withholding was without a reasonable basis in law. *See*, *Church of*

26   *Scientology of Cal. v. U.S. Postal Serv.*, 700 F.2d 486, 492 n.6 & 494 (9th Cir. 1983). The government

27   agency "must be careful not to read the request so strictly that the requester is denied information the

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR**            14
**ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**THEREOF**

1    agency well knows exists in its files." *See, Rosenfeld*, 904 F.Supp.2d at 999 (quoting *Hemenway v.*

2    *Hughes*, 601 F. Supp. 1002, 1005 (D.C. Cir. 1985)).

3           Defendant's initial response to Mr. Kopp's FOIA request was sent 24 business days after it was

4    received and therefore not in compliance with the 20-day response required. 5 U.S.C. § 552(a)(6)(A).

5    Defendant's tardy response was not a denial or explanation of withholding under any of FOIA's

6    exemptions from production. Kopp Decl. ¶ 4, Ex. 2.  At no point did Defendant avail itself of the

7    opportunity to invoke the "unusual circumstances" decision deadline extension beyond the 10 business

8    days afforded in limited circumstances. 5 U.S.C. § 552(a)(6)(B).  Instead, Defendant required more

9    specific information about the requests sought, although Mr. Kopp's original requests were narrowly

10   tailored to records regarding its employees' protection detail for a single trip for a single person.

11   Defendant knew this information existed in its files yet force Mr. Kopp to go through the added burden

12   of adding more unnecessary detail.  Yet, even after Mr. Kopp supplemented his request in response to

13   Defendant's letter, he received no response at all.  *See,* Kopp Decl. ¶¶ 7-8.  As such, there was no basis

14   at law for Defendant to withhold the documents properly requested by Mr. Kopp.

15          Therefore, Mr. Kopp is entitled to an award of attorneys' fees and costs.

16   **C.      Mr. Kopp's request for attorneys' fees and costs is reasonable.**

17          Pursuant to 5 U.S.C. § 552(a)(4)(E), Mr. Kopp requests $41,884.95 in fees and costs based on

18   the detailed accounting of all costs of litigation and attorneys' fees.  *See*, Barr Decl. ¶¶ 3-8.  This

19   represents litigation expenses of $1,284.95 and a lodestar for attorneys' fees of $40,600.  Mr. Kopp's

20   lodestar figure also includes compensation for time spent securing the fee award.  *See, Davis v. City &*

21   *County of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992), *vacated in part on other grounds*, 984

22   F.2d 345 (9th Cir. 1993).

23          After a court determines Plaintiff is both eligible and entitled to receive fees, "the award must

24   be given and the only room for discretion concerns the reasonableness of the amount requested."

25   *Rosenfeld v. U.S. Dept. of Justice*, 904 F.Supp.2d 988, 994 (N.D. Cal. 2012) (quoting *Long v. U.S.*

26   *I.R.S.*, 932 F.2d 1309, 1313-14 (9th Cir. 1991)). To evaluate the reasonableness, Plaintiff "must submit

27   his fee bill to the court for its scrutiny of the reasonableness of (a) the number of hours expended and

28   (b) the hourly fee claimed." *Id.*  Under this "lodestar" method, if those two figures are reasonable, then

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF**

15

1   there is a strong presumption that their product, the lodestar figure, represents a reasonable award.

2   *See*, *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *see also, Long v. U.S. I.R.S.*, 932 F.2d 1309, 1314 (9th

3   Cir. 1991).

4   "In light of the fact that 'awarding attorneys' fees to prevailing parties . . . is a tedious

5   business,' the court 'should normally grant the award in full' if the party opposing the request 'cannot

6   come up with specific reasons for reducing the fee request.'" *The Sierra Club v. United States*

7   *Environmental Protection Agency*, 75 F.Supp.3d, 1125, 1147 (N.D. Cal. 2014) (quoting *Moreno v.*

8   *City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008)).

9       1.    <u>The number of hours claimed by Mr. Kopp is reasonable.</u>

10   Under federal fee-shifting statutes, Plaintiff's counsel is entitled to be compensated "for every

11   item of service which, at the time rendered, would have been undertaken by a reasonable and prudent

12   lawyer to advance or protect h[er] client's interest." *Moore v. James H. Matthews & Co.,* 682 F.2d

13   830, 839 (9th Cir. 1982) (discussing such statutes in the anti-trust context).

14   Mr. Kopp's counsel, Cotchett, Pitre & McCarthy, LLP ("CPM"), expended 81.8 hours of time

15   into this matter.  Barr Decl. ¶ 2, <u>Ex. 1</u>.  That time was necessary, proper, and reasonable.  The hours

16   claimed by Mr. Kopp are described fully in the supporting declaration of counsel and supporting

17   contemporaneous time records as required by Local Rule 54-5(b)(2).  Barr Decl. ¶¶ 2-4, <u>Exs. 1-2</u>.

18   Thus, the hours Mr. Kopp is requesting reimbursement for are reasonable.

19       2.    <u>CPM's billing rates are consistent with the prevailing rates in the community.</u>

20   Mr. Kopp seeks reimbursement at rates between $275 (case assistant) to $850 (partner).

21   A reasonable hourly rate is determined by the prevailing marked rate in the community, i.e., the

22   forum in which the district court sits, for similar services by lawyers of reasonably comparable skill,

23   experience, and reputation.  *See, The Sierra Club v. United States Environmental Protection Agency*,

24   75 F.Supp.3d, 1125, 1153 (N.D. Cal. 2014) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96, n. 11

25   (1984) and *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008)).

26   Mr. Kopp seeks reimbursement for attorneys Justin T. Berger's time at an hourly rate of $800,

27   Adam M. Shapiro's time at an hourly rate of $600 for work performed in 2018.  For attorney Mallory

28   A. Barr, Mr. Kopp seeks time at an hourly rate of $425 for work performed in 2018 and 2019.  Mr.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**    16

Kopp seeks the hourly rate of $275 for case assistant Madeline Kerr and for senior paralegal Valerie Barretto, Mr. Kopp seeks the hourly rate of $325.  These rates are CPM's regular hourly rates charged to hourly paying clients.  Barr Decl. ¶ 5; Local Rule 54-5(b)(2).

The following table summarizes Mr. Kopp's claim for reimbursement:

| Name | Role | Hourly Rate | Hours Requested | Fees |
|------|------|-------------|-----------------|------|
| Justin T. Berger | Partner | $850 | 13.6 | $11,560 |
| Adam M. Shapiro | Senior Associate | $600 | 4.4 | $2,640 |
| Mallory A. Barr | Associate | $425 | 57.9 | $24,607.50 |
| Valerie Barretto | Senior Paralegal | $325 | 3.4 | $1,105 |
| Madeline Kerr | Case Assistant | $275 | 2.5 | $687.50 |

CPM's hourly rates are similar to those charged by attorneys of comparable skill, experience, and reputation in this community for similar work.  *See,* Barr Decl. ¶ 4.  The Northern District of California routinely awards attorneys' fees in FOIA matters at rates equal or comparable to CPM's rates.  *See, e.g., The Sierra Club v. United States Environmental Protection Agency*, 75 F.Supp.3d, 1125, 1152-53 (N.D. Cal. 2014) (awarding fees at up to $650); *Rosenfeld v. U.S. Dept. of Justice*, 904 F.Supp.2d 988, 1004 (N.D. Cal. 2012) (awarding fees at up to $700); *Hajro v. U.S. Citizenship & Immigration Services*, 900 F.Supp.2d 1034, 1054 (N.D. Cal. 2012), *vacated and remanded on other grounds*, 811 F.3d 1086 (9th Cir. 2016) (awarding fees at up to $625).

Further, CPM's rates are in line with the rates that have recently been awarded to similarly experienced counsel in this district.  *See, e.g., Fowler v. Wells Fargo Bank, N.A.*, No. 17-CV-02092-HSG, 2019 WL 330910, at *7 (N.D. Cal. Jan. 25, 2019)(attorney rates between $300 per hour and $850 per hour for associates and partners were reasonable); *Hefler v. Wells Fargo & Co.*, 2018 WL 661983, at *14 (N.D. Cal. Dec. 18, 2018)(rates "from $650 to $1,250 for partners or senior counsel, from $400 to $650 for associates, and from $245 to $250 for paralegals" were reasonable)(citing *In re Volkswagen "Clean Diesel" Mktg. Sales Practices & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017)).

Justin T. Berger has twelve years of litigation experience and has been recognized as one of the top young litigators in California.  *See,* Barr Decl. ¶ 12, Ex. 4.  He has litigated dozens of civil actions, including False Claims Act cases, consumer protection class action cases, and financial elder abuse cases. *See,* Barr Decl. ¶ 12, Ex. 4.  Mr. Berger has received numerous awards throughout his career for his skills, including the California Lawyer Magazine Attorney of the Year (CLAY) Award, along with

1   Niall McCarthy, in 2012 and was twice selected as a finalist for the Consumer Attorney of the Year

2   Award by the Consumer Attorneys of California.  *See,* Barr Decl. ¶ 12, <u>Ex. 4</u>.  Mr. Berger received his

3   Bachelor of Arts from Yale University, graduating Cum Laude, with Honors in the Major and his J.D.

4   from the University of California, Berkeley School of Law (Boalt Hall).  *See,* Barr Decl. ¶ 12, <u>Ex. 4</u>.

5   Following law school, Mr. Berger clerked for U.S. District Court Judge Susan Illston of the Northern

6   District of California.  *See,* Barr Decl. ¶ 12, <u>Ex. 4</u>.

7         Adam M. Shapiro has nine years of litigation experience.  *See,* Barr Decl. ¶ 12, <u>Ex. 4</u>.  Before

8   joining CPM, Mr. Shapiro was a Senior Staff Attorney for the California Court of Appeal and a clerk

9   for the Honorable Samuel Conti at the United States District Court for the Northern District of

10   California.  *See,* Barr Decl. ¶ 12, <u>Ex. 4</u>.

11         Mallory A. Barr is an associate with over 8 years of experience working in litigation.  Barr

12   Decl. ¶¶ 12-13, <u>Ex. 4</u>.  Although she is a newer attorney, she comes to the role with over seven years

13   of experience working in litigation and has been involved in multiple complex cases.  *See, id.*

14         Senior Paralegal Valerie Barretto began working as a paralegal in 2008.  *See,* Barr Decl. ¶ 14.

15   She received her Paralegal Certificate in 2013 from San Francisco State University.  *See, id.*  Mrs.

16   Barretto has been working at CPM since 2012 and was promoted to Senior Paralegal in 2017.  *See, id.*

17   In her role as a Senior Paralegal, she provides advanced-level comprehensive litigation support to the

18   office and has an advanced level of knowledge and proficiency in all aspects of civil litigation.  *See, id.*

19         The qualifications and experiences of counsel are described fully in the supporting declaration

20   of counsel and supporting documents attached thereto as required by Local Rule 54-5(b)(3).  Barr

21   Decl. ¶¶ 12-14, <u>Ex. 4</u>.

22         Therefore, Mr. Kopp's lodestar amount of $40,600 is reasonable and he should be fully

23   compensated for the time he is requesting.

24                 3.   <u>Mr. Kopp's costs are reasonable.</u>

25         Costs of litigation are authorized under 5 § U.S.C. § 552(a)(4)(E) and should be awarded to Mr.

26   Kopp.  Out of pocket expenses are recoverable as part of attorneys' fees.  *See, United Steelworkers of*

27   *America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990), *opinion amended,* 808 F.2d 1373

28   (9th Cir. 1987) (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986)); *see*

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF

18

*also, Kuzma v. I.R.S.*, 821 F.2d 930, 933 (2d Cir. 1987) (recognizing FOIA's litigation cost provision permits broader recovery than the taxable cost provision of 28 U.S.C. § 1920).

The *Chalmers* court defined out-of-pocket expenses as "expenses incurred by an attorney which would normally be charged to a client." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986), *amended in part and rehearing denied*, 808 F.2d 1373 (9th Cir. 1987). Costs of photocopying, travel, and telephone expenses can also be included as attorney fees. *See, Thornberry v. Delta Airlines, Inc.*, 676 F.2d 1240, 1245 (9th Cir. 1982), *vacated on other grounds*, 461 U.S. 952 (1983); *see also, Kuzma*, 821 F.2d at 933-34 (2d Cir. 1987).

Mr. Kopp incurred **$1,284.95** in costs in this case. Barr Decl. ¶ 6, Ex. 3. The below table categorizes those expenses:

| Category of Expense | Amount Billed |
|---|---|
| Court Costs | $24.45 |
| Federal Express | $28.90 |
| Lexis/Nexis | $80.22 |
| In-house Photocopies | $187.60 |
| Postage | $39.64 |
| Service of Process | $456.00 |
| Travel | $468.14 |
| **TOTAL** | **$1,284.95** |

Barr Decl. ¶ 6, Ex. 3.

Therefore, the Court should grant Mr. Kopp all of his out-of-pocket expenses sought in this litigation.

## IV.   Conclusion

For the foregoing reasons, Mr. Kopp respectfully asks the Court to issue an Order awarding $40,600 in attorneys' fees and reimbursement of $1,284.95 in litigation expenses.

Dated: March 22, 2019          **COTCHETT, PITRE & McCARTHY, LLP**

By:   */s/ Mallory A. Barr*
          MALLORY A. BARR

*Attorneys for Mr. Kopp Quentin L. Kopp*

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFF QUENTIN L. KOPP'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**          19